IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GENERAL MOTORS LLC; GENERAL MOTORS CO., | |
| Plaintiffs, | No. 20-cv-12668-RHC-APP |
| | Honorable Robert H. Cleland |
| v. | District Court Judge |
| ALPHONS IACOBELLI; FCA US LLC; FIAT CHRYSLER AUTOMOBILES, N.V.; JEROME DURDEN, | Honorable Anthony P. Patti Magistrate Judge |
| Defendants. | |

## FCA DEFENDANTS' EMERGENCY MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
MILLER, CANFIELD, PADDOCK
  & STONE, PLC
840 West Long Lake Road
Suite 150
Troy, Michigan 48098-6358
Tel: (248) 879-2000
*cranmer@millercanfield.com*
*allen@millercanfield.com*

Steven L. Holley (N.Y. 1917830)
Matthew J. Porpora (N.Y. 4402798)
Jacob E. Cohen (N.Y. 4787271)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
*holleys@sullcrom.com*
*porporam@sullcrom.com*
*cohenja@sullcrom.com*

*Counsel for FCA US LLC & Fiat Chrysler Automobiles N.V.*

October 13, 2020

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Defendants FCA US LLC ("FCA US") and Fiat Chrysler Automobiles N.V. ("FCA NV") (collectively, "FCA"), by and through their counsel, Sullivan & Cromwell LLP and Miller, Canfield, Paddock and Stone, PLC, move this Court to extend the time for FCA to answer or otherwise respond to the Amended Complaint until thirty (30) days after resolution of the motion for remand that Plaintiffs General Motors LLC and General Motors Co. (collectively, "GM") recently filed.  (ECF#4.)  In support of this motion, FCA states as follows:

**Background**

1. On November 20, 2019, GM filed an action in this Court against FCA US, FCA NV, and certain individuals seeking to piggyback off of indictments and plea agreements stemming from allegations that former employees of the United Auto Workers ("UAW") obtained goods and services with assistance from certain former FCA employees, which allegedly constituted "prohibited payments" under Section 302 of the Labor Management Relations Act (the "Federal Court Action"). On July 8, 2020, Judge Borman dismissed GM's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") with prejudice in the Federal Court Action.  *Gen. Motors LLC* v. *FCA US LLC*, 2020 WL 3833058 (E.D. Mich. July 8, 2020).  On August 14, 2020 Judge Borman denied GM's motion to alter or

amend the judgment to permit GM to file a proposed Amended Complaint. *Gen. Motors LLC* v. *FCA US LLC*, 2020 WL 4726941 (E.D. Mich. Aug. 14, 2020).

2. On September 15, 2020, GM filed an action against FCA in Michigan state court (the "First State Court Action"), asserting claims based on the same underlying conduct at issue in the Federal Court Action. On that same day, GM filed a separate lawsuit against Alphons Iacobelli in Michigan state court (the "Second State Court Action"). In filing the First State Court Action, GM failed to recognize that FCA US is not a resident of Michigan or Delaware, and therefore is diverse from GM. On September 18, 2020, FCA properly removed the First State Court Action to this Court on the basis of diversity jurisdiction, and marked the action as related to the Federal Court Action. (*See* No. 20-cv-12556, ECF#1 (E.D. Mich.).)

3. In a blatant attempt to manipulate jurisdiction and thwart FCA's clear right under the removal statute to defend itself in this Court, GM subsequently engaged in the following procedural maneuvers:

    a. Two days after FCA removed the First State Court Action, GM voluntarily dismissed that action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) (*see* No. 20-cv-12556, ECF#4 (E.D. Mich.)), in violation of the principle that "a plaintiff's right to voluntarily dismiss an action must be exercised in good faith and not as an attempt to manipulate

jurisdiction." *Nogueras-Cartagena* v. *Rosello-Gonzalez*, 182 F.R.D. 380, 386 (D.P.R. 1998).

  b. Two days later, GM filed a new lawsuit against FCA in Michigan state court, asserting the exact same claims against FCA that it had asserted in the First State Court Action. Rather than file an entirely new action, however, GM filed an Amended Complaint in the Second State Court Action against Iacobelli, adding FCA US and FCA NV as defendants, as well as a second individual defendant (Jerome Durden). Because Iacobelli and Durden are citizens of Michigan, GM apparently thought that lumping them into its lawsuit against FCA would prevent removal.

4. On September 30, 2020, FCA voluntarily agreed to accept service of GM's Amended Complaint in the Second State Court Action and removed the Second State Court Action on the basis of diversity jurisdiction, once again marking the action as related to the Federal Court Action. (ECF#1.) FCA argued that GM improperly joined Iacobelli and Durden as defendants—against whom GM has no colorable claim, and whose presence is neither necessary nor indispensable to GM's claims against FCA—in a transparent attempt to destroy federal diversity jurisdiction. (*Id.*) FCA asked the Court to either (i) disregard the citizenship of Iacobelli and Durden under the doctrine of fraudulent joinder, or, in the alternative,

-3-

(ii) exercise its discretion to sever the claims against Iacobelli and Durden as dispensable parties under Federal Rule of Civil Procedure 21. (*Id.*)

5. On October 9, 2020, GM moved to remand the Second State Court Action. (ECF#4.) That motion currently is pending before this Court.

**GM Rejected FCA's Reasonable Proposal for the Orderly Resolution of the Pending Motion for Remand and FCA's Forthcoming Motion to Dismiss**

6. On October 5, 2020, counsel for FCA proposed to counsel for GM that the parties enter into a stipulation setting forth a reasonable briefing schedule for FCA's motion to dismiss the Amended Complaint in the Second State Court Action, pursuant to which FCA's motion to dismiss would be due thirty (30) days after resolution of GM's pending motion for remand. Such a schedule would ensure that the Court has subject matter jurisdiction before the parties devote time and resources to briefing the merits of GM's claims. FCA also reminded GM that FCA NV (a foreign corporation) had agreed to accept service of the Amended Complaint in the Second State Court Action, which not only brought all parties before the Court in an orderly fashion, but also saved GM the time and expense of attempting to serve FCA NV abroad through the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.

7. On October 12, 2020, GM rejected FCA's proposal, agreeing only to extend the deadline for FCA's motion to dismiss by a mere seven (7) days from the current due date—*i.e.*, from October 21, 2020 to October 28, 2020. Under the

schedule suggested by GM, FCA's motion to dismiss would be due before briefing is even complete on GM's pending motion for remand (and well before a decision on that motion, which will inform the parties of where the case ultimately will be litigated), and months earlier than GM would have been able even to effect service on FCA NV through the Hague Convention had FCA NV not voluntarily agreed to accept service.

8. In making its counterproposal, GM ignored these practicalities, and offered no explanation of why GM thinks it makes sense to proceed with briefing a dispositive motion before the Court determines whether it has subject matter jurisdiction to hear this case. Instead, GM's counsel referenced only GM's desire to move quickly, stating that "GM remains interested in moving this litigation forward to discovery of the facts pled in the complaint." FCA has no interest in delaying resolution of GM's new claims, which FCA views as baseless, but FCA believes commonsense dictates that the parties know the court in which they are litigating—and the applicable procedural rules—before briefing a motion to dismiss.

### There is "Good Cause" to Grant an Extension

9. There is "good cause" to stay briefing on the motion to dismiss until after resolution of the motion for remand, Fed. R. Civ. P. 6(b)(1):

10. *First*, GM's proposal that the parties brief the motion to dismiss before the Court has the opportunity to decide whether it has subject matter jurisdiction to

hear this case makes no sense.  Because questions of "subject matter jurisdiction" must "take[] absolute priority over all merits questions in a case," *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013), the Sixth Circuit has held that a motion to remand should "be addressed first," before a court proceeds to addressing the merits.  *Wolf v. Causley Trucking, Inc.*, 2016 WL 454442, at *3 (E.D. Mich. Feb. 5, 2016); *see Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) ("[W]e hold that the district court erred by reaching the merits of this case before determining whether jurisdiction was proper.").

11. For this reason, it is customary for parties to agree to extend the deadline for briefing motions to dismiss until after a motion for remand is decided.  Indeed, GM itself recently agreed to the very same scheduling proposal that it rejected out-of-hand in this case:  having removed a case to federal court, GM agreed that "[t]he Served Defendants' deadline to answer, move, or otherwise respond to the Complaint in this action is extended until 30 days following the Court's entry of an order resolving plaintiffs' pending motion to remand." Stipulation, *Pantel* v. *Gen. Motors LLC*, No. 19-cv-13219, ECF#13 (E.D. Mich. Nov. 20, 2019).[1]  GM has

---

[1]  As FCA noted on the civil cover sheet to its notice of removal, this action constitutes a refiled dismissed action under E.D. Mich. Local Rule 83.11(c), and thus should be reassigned to Judge Borman, who not only presided over the Federal Court Action, but also presides over criminal proceedings that relate to the same general subject matter as GM's claims in this case and that are referred to extensively in GM's Amended Complaint.  Thus, as GM asserted in the *Pantel* case when seeking

provided no explanation for taking a diametrically opposed position in this case to the one it took last year in the *Pantel* case. Indeed, it is inexplicable for GM to demand that FCA brief its motion to dismiss in this Court while simultaneously complaining in its motion to remand that it is unfair to require GM to litigate in this Court.

12. *Second*, aside from the commonsense notion that disputes about subject matter jurisdiction ought to be resolved before briefs are filed that address the merits of GM's claims, GM's proposed schedule would not permit FCA a reasonable amount of time to prepare and file its motion to dismiss. The parsimonious extension GM has offered up is unreasonable given (a) other matters that GM and FCA currently are briefing, (b) the sheer length of GM's complaint, and (c) the fact that, had FCA NV not agreed to accept service, GM would have been unable to proceed with this litigation for months.

---

transfer of that action to this Court, "permitting Judge [Borman]—who has presided over the first-filed federal case . . . and who has [other] related cases pending before him—to consider and resolve substantive and procedural issues will further judicial economy, allow the litigants and the federal judiciary to benefit from Judge [Borman's] experience with the subject-matter of these cases, and avoid the risk of inconsistent rulings." GM *Ex Parte* Application at 3 n.1, *Pantel* v. *Gen. Motors LLC*, No. 19-cv-7350, ECF#11 (C.D. Cal. Aug. 26, 2019). Indeed, the fact that GM's primary argument in its motion for remand hinges upon its speculation about what Judge Borman "may have thought" in rejecting GM's claims in the Federal Court Action (Motion for Remand 17; *see also id.* at 2, 16-18) is a compelling reason why this action should be reassigned to Judge Borman.

13. GM's proposal that FCA file its motion to dismiss by October 28, 2020 (*i.e.*, two weeks from now) does not reflect the courtesies FCA has extended to GM, and seems to be designed to jam FCA for time. For starters, GM's proposal would require FCA to brief the motion to dismiss at the same time it is opposing GM's motion for remand and also responding to GM's appeal brief in the Federal Court Action.[2] GM has articulated no reason why this case has to proceed at a breakneck pace.

14. Moreover, for all the shortcomings in GM's Amended Complaint, brevity is not one of them. It is 84-pages long, includes 202 numbered paragraphs, asserts five causes of action against FCA (including fraud claims in which GM challenges 14 alleged misrepresentations), and seeks billions of dollars in purported damages. FCA needs a reasonable amount of time to respond to GM's allegations in a persuasive yet concise manner. GM is not going to suffer if FCA is permitted to file its motion to dismiss after GM's motion for remand is decided.

15. Lastly, FCA has already accommodated GM's desire to "move this litigation forward" by FCA NV voluntarily accepting service. Had FCA NV insisted on being served through the Hague Convention, that alone would have delayed the

---

[2] In GM's appeal of the Federal Court Action, GM's appeal brief is due on October 13, 2020, and FCA's response brief is due on November 12, 2020. (No. 20-1791, ECF#25 (6th Cir.).)

litigation for far longer than the extension being sought by FCA for its motion to dismiss.

16. For all of these reasons, even if this Court were disinclined to stay briefing on FCA's motion to dismiss until after a decision on GM's motion for remand, the Court should, at a minimum, extend the deadline for FCA to answer or otherwise respond to the Amended Complaint so that FCA is not prejudiced.

17. FCA further respectfully requests that this Court consider this motion on an expedited basis. Under the Local Rules, GM's response to this motion will not be due for 14 days, *see* E.D. Mich. Local R. 7.1(e)(2), which is after the current deadline for FCA's responsive pleading. Expedited consideration of this motion would be in the interests of justice to avoid rendering moot the relief requested by FCA.

18. As Local Rule 7.1(a) requires, FCA's counsel conferred with GM's counsel on October 5, 2020 to seek concurrence in the relief sought by this motion, but GM declined to do so.

WHEREFORE, FCA respectfully requests that this Court grant its motion and extend FCA's time to answer or otherwise respond to the Amended Complaint until thirty (30) days after resolution of GM's pending motion for remand.

October 13, 2020                              Respectfully submitted,

                                              */s/ Steven L. Holley*
Thomas W. Cranmer (P25252)                    Steven L. Holley (N.Y. 1917830)
Matthew P. Allen (P57914)                     Matthew J. Porpora (N.Y. 4402798)
MILLER, CANFIELD, PADDOCK                     Jacob E. Cohen (N.Y. 4787271)
   & STONE, PLC                               SULLIVAN & CROMWELL LLP

*Counsel for FCA US LLC & Fiat Chrysler Automobiles N.V.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GENERAL MOTORS LLC; GENERAL MOTORS CO.,

    Plaintiffs,

v.

ALPHONS IACOBELLI; FCA US LLC; FIAT CHRYSLER AUTOMOBILES, N.V.; JEROME DURDEN,

    Defendants.

No. 20-cv-12668-RHC-APP

Honorable Robert H. Cleland
District Court Judge

Honorable Anthony P. Patti
Magistrate Judge

---

## FCA DEFENDANTS' BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
MILLER, CANFIELD, PADDOCK
   & STONE, PLC
840 West Long Lake Road
Suite 150
Troy, Michigan 48098-6358
Tel:  (248) 879-2000
*cranmer@millercanfield.com*
*allen@millercanfield.com*

Steven L. Holley (N.Y. 1917830)
Matthew J. Porpora (N.Y. 4402798)
Jacob E. Cohen (N.Y. 4787271)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel:  (212) 558-4000
*holleys@sullcrom.com*
*porporam@sullcrom.com*
*cohenja@sullcrom.com*

*Counsel for FCA US LLC & Fiat Chrysler Automobiles N.V.*

October 13, 2020

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), for the reasons stated in Defendants FCA US LLC and Fiat Chrysler Automobiles N.V.'s ("FCA") Emergency Motion For Extension of Time To Answer or Otherwise Respond To the Amended Complaint, incorporated herein by reference, FCA respectfully requests that the Court enter an order extending the due date for FCA's time to answer or otherwise respond to the Amended Complaint until thirty (30) days after resolution of GM's pending motion for remand.

October 13, 2020                                    Respectfully submitted,

                                                                                    /s/ Steven L. Holley

| | |
|---|---|
| Thomas W. Cranmer (P25252) | Steven L. Holley (N.Y. 1917830) |
| Matthew P. Allen (P57914) | Matthew J. Porpora (N.Y. 4402798) |
| MILLER, CANFIELD, PADDOCK | Jacob E. Cohen (N.Y. 4787271) |
|   &amp; STONE, PLC | SULLIVAN & CROMWELL LLP |

*Counsel for FCA US LLC & Fiat Chrysler Automobiles N.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record, and I hereby certify that I have mailed by FedEx the paper to the following non-ECF participants:

Michael A. Nedelman
NEDELMAN LEGAL GROUP PLLC
28580 Orchard Lake Road Suite 140
Farmington Hills, MI 48334
Telephone: (248) 855-8888
(Counsel for Defendant Alphons Iacobelli)

Judith S. Gracey
THE GRACEY LAW FIRM
2200 Beechmont Street
Keego Harbor, MI 48320
(Counsel for Defendant Jerome Durden)

         Respectfully submitted,

         */s/ Steven L. Holley*
         Steven L. Holley (N.Y. 1917830)
         SULLIVAN & CROMWELL LLP
         125 Broad Street
         New York, New York 10004-2498
         Tel:  (212) 558-4000
         *holleys@sullcrom.com*

         *Counsel for FCA US LLC & Fiat Chrysler Automobiles N.V.*

October 13, 2020